(March 31, 1916.)

## LEE YOUNG, Respondent, v. EXTENSION DITCH CO., Appellant.

[156 Pac. 917.]

MOTION FOR CHANGE OF PLACE OF TRIAL—DISCRETION OF TRIAL COURT—
INSTRUCTIONS — FINDINGS OF FACT — EVIDENCE IN SUPPORT OF—
DITCH CORPORATIONS—RIGHTS OF WATER USERS—CONTROL OF COR-
PORATE PROPERTY—DECREE WITHOUT PREJUDICE TO UNADJUDICATED
RIGHTS.

1. Where a motion for change of the place of trial is made
under the provisions of sec. 4125, Rev. Codes, as amended by the
act of 1913 (Sess. Laws of 1913, p. 385), upon the ground that
"the convenience of witnesses and the ends of justice would be pro-
moted by the change," but no affidavits accompany the motion in
support thereof, and it does not appear from the complaint or
answer that the convenience of witnesses or the ends of justice would
be promoted by such change, it is no abuse of discretion on the
part of the trial court to deny the motion.

2. In a suit by a water user against a ditch corporation, where
the question of the plaintiff's forfeiture of his right to have the
water delivered to him on account of nonpayment of water assess-
ments was not before the jury for determination, the trial court
committed no error in not instructing the jury on that question.

3. Where the judge of the lower court, in addition to obtaining
the special findings of the jury, himself went to the premises and
viewed the conditions concerning which evidence was adduced at the
trial, his findings of fact will not be reversed on appeal, where there
is evidence to support them.

4. A water user along the course of a canal owned and operated
by a ditch company should not by judicial decree be placed in a
position where he can determine for himself the means of obtaining
his water and exercise his own control as regards his individual
rights, irrespective of the interests of the ditch company as a cor-
porate entity, and the ditch company's control of its own property
should not be taken away from it and conferred on any water user
unless it is shown to be absolutely necessary in order to preserve
the rights of such water user.

5. *Held*, that the decree of the lower court giving plaintiff an
absolute right to raise the water in defendant company's canal to a
certain height by placing a dam therein in order to get water on

to his land, must be modified so as to give the company freedom of action in devising methods which may be effective in preserving plaintiff's rights, and, if possible, without impairing the rights of other water users.

6. Where in an action by a water user against a ditch corporation the issues are joined in such a manner that some of the matters in controversy between the parties cannot be adjudicated, the decree of the lower court should be so framed as to leave opportunity for a fair and impartial adjudication of such questions, in case such adjudication should be sought at any future time, in order to determine the relative rights and obligations of the parties in relation to such questions.

[As to diminishing or increasing flow of water to or from adjoining lands by means of dams, see note in 85 Am. St. 708.]

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Suit for injunction and damages.   Judgment for plaintiff. *Modified.*

Lot L. Feltham, for Appellant, cites no authorities.

J. L. Richards, for Respondent.

Verdicts of juries and findings of trial courts, where cases have been tried on oral testimony and the evidence is conflicting, will not be disturbed on appeal.   For Idaho cases holding to these rules, see Flynn's Digest, Appeal and Error, XVI, (G), 2 and 4, pp. 52 and 54.

The same rule applies in equity cases.   (Flynn's Digest, Appeal and Error, XVI, (G), 5, p. 54.)

COWEN, District Judge.—This action was brought by the plaintiff, who is the respondent here, against the defendant company for a writ of injunction to restrain the defendant company from interfering with plaintiff in the maintenance of a dam or obstruction in the irrigation canal of the defendant company, which the plaintiff alleges was necessary, and had been previously maintained therein by him for the purpose of raising the level of the water in the canal so that it

would run into the lateral of the plaintiff at a sufficient height to enable him to irrigate all of his land lying under his lateral and which had been theretofore irrigated from the said lateral for a long period of years.   The action also included a claim for a considerable amount of damages which the plaintiff says was caused during the years 1911, 1912 and 1913 to his fields and crops, occasioned by his failure to get the water as he had before been doing, which failure was alleged to be due to the defendant company's deepening of its canal, or lowering the bed of it, where the same ran through the premises of the plaintiff, and by the company's removal of said obstruction which the plaintiff had maintained in the said canal in order to raise the water up to its prior level.

A jury was called to pass upon the question of damages and rendered a verdict in favor of the plaintiff for the sum of one dollar.   The court, of its own motion, submitted to the jury certain interrogatories which the jury answered and the court adopted as its findings of fact, to the effect that it was necessary to have a dam in the ditch of the defendant in order to enable plaintiff to properly irrigate his land, and that it was necessary that such dam or obstruction should be maintained in the said ditch to a height of eighteen inches; that it was further necessary that the water should be raised to a height of twenty-six inches on the plaintiff's headgate to enable him to get the water over the highest portion of his land.

The court adopted these findings of the jury and made further findings, from which it appears that the canal system in controversy in this action was originally constructed about thirty years ago and that an extension was made from the original canal by one Peter Pence and Lucie Jacobson; that the said Lucie Jacobson conveyed a portion of her interest in such extension to the plaintiff herein, and that said Peter Pence, about the year 1895, conveyed his interest to the defendant ditch company, which was organized for the purpose of enlarging and extending the said canal system; that after the enlargement and extension of the said canal system a number of the water users from the said canal, among whom was the plaintiff, took water from the said canal by means

of wheels which were operated in the said canal by force of the current, and that after using this system for a number of years the wheels were from time to time removed and other systems of diversion from the canal adopted; that the plaintiff placed one or more headgates in the said canal and diverted water therefrom by means of the headgates; that about the year 1911 the defendant company deepened the canal where it passed through the premises of the plaintiff, Young, to such an extent that the surface level of the water was considerably lowered and resulted in changing the conditions in the canal to such an extent that the plaintiff could not obtain water for the highest part of his land lying under the said lateral, except at rare intervals when the ditch was flowing to its full capacity, and that for the years 1911 and 1912 the defendant company permitted the plaintiff to place an obstruction in the said canal, consisting of one or more planks, which raised the water to the necessary level to permit him to irrigate all of his land, and that in the year 1913 the defendant company removed the said planks and refused any longer to allow plaintiff to place or maintain any obstruction in the canal for the purpose of raising the water level thereof. There is also a finding made by the court to the effect that the plaintiff is a stockholder in the defendant company.

The judgment of the court was entered for the sum of one dollar damages; authorizing the plaintiff to place a dam in the canal whenever necessary to irrigate his land, and permitting him to maintain it at a sufficient height to raise the water to a depth of twenty-six inches above the bottom of his headgate, and restraining the defendant and its officers from interfering with the plaintiff in so doing.

The defendant has appealed, alleging that the court erred in overruling defendant's motion for a change of the place of trial to Washington county, and that the evidence was not sufficient to warrant the verdict for one dollar damages, nor to justify the court in making the finding that it was necessary for the plaintiff to maintain a dam in the defendant's canal. The defendant also alleges error on the part of the court in giving certain instructions and in rendering judg-

ment giving plaintiff the right to maintain a dam in the defendant's canal whenever he thinks necessary to irrigate his land.

The action of the trial court in overruling the defendant's motion for a change of the place of trial should not be disturbed, as it was a matter for the judicial determination of the court upon proper proceedings.

Appellant relies on sec. 4125, Rev. Codes, in its contention that the cause should have been transferred. The motion was made on the complaint and answer and other records in the cause. Sec. 4125, Rev. Codes, as amended by the act of the legislature, found in Sess. Laws of 1913, p. 385, provides that "The court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial in the following cases: . . . . 3. When the convenience of witnesses and the ends of justice would be promoted by the change." This is the ground relied upon by the appellant in its motion for a change, but there are no affidavits accompanying the motion showing that the trial should be changed to Washington county, and it does not appear from the complaint or answer that the convenience of the witnesses and the ends of justice would be promoted by making the change. The trial court determined the matter adversely to the contention of the appellant and there is nothing in the record here that would indicate that any error was committed in the ruling.

It is urged that the court erred in giving instructions numbered 3 and 4 of its instructions to the jury. We have examined these instructions and find that they relate to the question of damages, and think they correctly state the law applicable to the question at issue. As this court understands the issues and the testimony, the question of the plaintiff's right to take any water by reason of his alleged failure to pay some of his assessments was not before the jury for determination, and it was unnecessary for the court to include that element in its instructions. Neither had the defendant company removed plaintiff's dam and refused to allow him to replace it for the reason that his assessments had not been

paid. The controversy seems to have been one of gradual growth and the issue in reference to the assessments was not fairly presented and remains undetermined.

After an examination of this record, we are unable to say that the evidence introduced at the trial was entirely insufficient to justify the court in making its finding to the effect that the canal had been deepened where it extended through the premises of the plaintiff and that it was necessary for the plaintiff to be permitted to maintain a dam or other obstruction therein in order to raise the water to a sufficient height to enable him to irrigate all of his land lying under the lateral. While the record shows that the larger portion of his land could be irrigated by deepening the lateral which the plaintiff maintained, it is also apparent that the plaintiff could not irrigate the entire portion of his land lying under his lateral without raising the water in the canal to a height considerably greater than the ordinary flow. The judge who tried the cause, in addition to obtaining the special findings of the jury, went out to the premises and viewed the conditions under which the plaintiff was obtaining his water, and we think his findings in this matter should not be reversed. (*Jones v. Vanausdeln, ante,* p. 743, 156 Pac. 615.)

It is in the findings, however, that the defendant company has had the management and control of the said canal for a long period of years and that the plaintiff is a stockholder in the said corporation. The court has entered up a decree giving to the plaintiff the right and authority to maintain a dam in the canal of the defendant company whenever necessary to irrigate his land and to maintain it of sufficient height to raise the water to a depth of twenty-six inches above the bottom of the plaintiff's headgate, and the defendant company and its officers are perpetually enjoined and restrained from interfering with the right of the plaintiff in the maintenance of such dam. This, in effect, takes away from the defendant company its right and authority to manage and control its own property, and if this judgment were permitted to stand in its present form and other water users from the same canal should be permitted to do the same thing under

similar or other circumstances, it might ultimately result in the utter destruction of the corporate property, or, at the least, might result in such a serious impairment of its value as to render it useless for the purposes for which it is maintained. If water users along the course of a canal shall be placed in a position of determining for themselves the means by which they may obtain their water and are to be permitted to exercise their own control as to their individual rights in such canal, then there would be no use in having a corporate control; or, in other words, the corporate control is destroyed *pro tanto*, and such an effect should be avoided by the court as far as possible in adjusting matters of this character. The control of the corporate property of this company should not be taken away from it unless it becomes absolutely necessary to do so in order to secure the right of the plaintiff, and the court should have occasion to resort to it only when all other means at its command had failed.

It seems to us that the result aimed at by the court could have been reached in this case by making the judgment in the alternative,—the court could have found that it was necessary to have the water delivered to the plaintiff under certain conditions as to the height or level of the water to be delivered and then give the defendant company an opportunity to deliver the water under those conditions and allow it to use such means or methods of delivering the water as might seem to it best. The company could then take into consideration other actual, possible or probable results from the employment of any certain means to deliver the water under the required conditions, and would have an opportunity to guard against other dangers of which it might know, or which it might apprehend or which might subsequently arise. Then if the defendant company failed or refused to deliver the water to the plaintiff under the required conditions, the plaintiff might then be permitted to install his own methods for obtaining the water to which he is entitled and the defendant and its officers restrained from interfering therewith.

Another question is raised by this appeal. The appellant urges that the plaintiff is not entitled to any relief in this case

because he does not come into a court of equity with clean hands. It says that the plaintiff is a stockholder in the defendant company and the court makes a finding to that effect. It said further that the plaintiff has failed and refused to pay his assessments upon his stock for a number of years and that it is incumbent upon him, when he seeks relief of this character, to pay up his assessments and clear his record on the books of the company.

The court does not make any finding with reference to the amount of money, if any, which is due to the defendant from the plaintiff on account of his assessments, and it is not clear from the evidence whether the plaintiff obtains his water from the canal in question by virtue of his water stock in the defendant corporation or whether he obtains it as a co-owner with the company in the ownership and control of the ditch, and the court does not make any finding upon this question. If the plaintiff obtains his water from the canal by virtue of his holding of stock in the canal company, and by virtue of that alone, and was delinquent in the payment of his assessments upon such stock, then he is not in a position to appeal to a, court of equity to enforce the delivery of water to him until he has paid up his assessments. Those who appeal to equity must do equity, and it is only fair that they who obtain the benefit of the expenditure of time and money in the maintenance of a canal system for the purpose of delivering water to users thereunder should bear and pay their ratable proportion of the amount necessary to keep the system in repair and deliver the water, but under the condition of this record it is not clear to this court whether this is the actual condition of affairs or not. It appears from the evidence that there is a dispute between the plaintiff and defendant with reference to these assessments, whether any amount is due from him or not, and the parties do not seem to have made a fair attempt to litigate the question. If future litigation shall be necessary in order to clear up the matter and place these parties in a position relative to each other where they may know the rights, duties and obligations of one another, and as the question was not litigated upon the merits,

the judgment in this case should not be left in such a condition as to preclude a fair and impartial inquiry into the matter when such question may hereafter be raised, and the decree in this case should be entered without prejudice to any inquiry which may be instituted to determine the relative rights, duties and obligations of the parties in relation to this canal system.

The decree of the district court should be modified to the extent of permitting the defendant company to deliver to the plaintiff the water required under the conditions as found by the court in its findings of fact, and failing to so deliver the water the plaintiff should be permitted to maintain the dam as in the decree adjudged, and only after the failure of the defendant within a reasonable time to so deliver the water should it and its officers be restrained from interfering with plaintiff's maintenance of such dam or obstruction, and the decree should be entered without prejudice to any proper proceeding or inquiry relative to the amount of assessment due from plaintiff to the defendant company on account of his corporate stock, and without prejudice to an inquiry as to whether he is entitled to take water from said canal by virtue of his holding of stock in the said corporation or whether he does so as a co-owner therein.

The cause is remanded, with direction to the court below to amend its judgment in accordance with this opinion.   Each party shall pay its own costs on appeal.

Budge and Morgan, JJ., concur.